JOHN H. SHARP

*v.*

ALFRED HIBBINS and wife.

Upon the dissolution of a partnership between complainant and defendant, in 1877, they agreed that the latter should receive all the assets and settle the affairs of the firm, which he did, but never accounted to complainant.—*Held,* that the latter is entitled to an accounting, although defendant testifies that he has paid out more than he has received. The complainant claimed a lien on lands of defendant's wife for moneys drawn from the firm by defendant and expended on those lands.—*Held,* that he was not entitled thereto, it not appearing and not being charged or proved that such moneys were drawn or used surreptitiously or in bad faith.

Bill for an account. On final hearing upon pleadings and proofs.

*Mr. J. W. Field,* for complainant.

*Mr. G. P. Kingsley* and *Mr. E. M. Colie,* for defendants.

THE CHANCELLOR.

Sharp and Hibbins were partners in business, in Orange, in this state. The copartnership began in 1872 and was dissolved by mutual consent in 1877. Sharp brings this suit against Hibbins and his wife to obtain from the former an account of the partnership affairs and assets which at the dissolution of the copartnership were left in his hands, and to charge the real estate of Mrs. Hibbins with moneys which, according to the allegations of the bill, were taken by Hibbins from the funds of the firm and expended upon that property in paying interest upon a mortgage thereon and in improving the property with buildings &c. That the complainant is entitled to the account which he seeks there can be no question. The proof is that Sharp and Hibbins were copartners from August 1st, 1872, to January 20th, 1877; that at the dissolution of the copartnership all the assets

were, as before stated, left in the hands of Hibbins, upon an agreement on his part with Sharp that he would settle the affairs of the concern. He has acted under that agreement, has disposed of the property, collected the debts due to the firm, and has, as he alleges, paid debts due from it, but he has never accounted with Sharp in the matter. It is urged on his behalf that he should not be required to account, because it appears by his testimony that he has paid out much more for the firm in the payment of its debts than he has received from the assets. Sharp is entitled to an accounting notwithstanding this claim. The court will not, in such a case as this, take the account at the hearing; the only material evidence on this part of the case is that which bears upon the question whether the complainant is entitled to an account or not. *Gres. Eq. Ev. 240 ; Hudson* v. *Trenton Locomotive Works, 1 C. E. Gr. 475.*

The claim to a lien upon the separate property of Mrs. Hibbins is not established. There is no proof that the property was not hers *bona fide.* Nor is there any proof of fraud on her part. If her husband expended money drawn by him from the firm's funds in improvements upon her land and in the payment of interest upon the mortgage upon the property, there is no proof that it was done surreptitiously, but, on the contrary, it would appear that it was done with the knowledge of the complainant. The expenditure for the greenhouses built on her land appears to have been made in 1873, and the payments of interest upon the mortgage were made half-yearly, from November 25th, 1872, down to April 10th, 1876. The money drawn for those purposes was drawn by Hibbins upon his own account from the firm's bank account. It is true they were not charged to him, but the reason was that neither the complainant nor Hibbins kept any account of the moneys drawn by them for their own account except the checks themselves by which they were drawn. There is neither charge nor evidence of fraud in these matters. The complainant is entitled to no lien upon Mrs. Hibbins's property. As to her, the bill should be dismissed, with costs.